**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

EDWARD E. BLACKORBY,          )
                             )
              Plaintiff,      )
                             )
v.                            )     Case No. 13-CV-00908-FJG
                             )
BNSF RAILWAY COMPANY,         )
                             )
              Defendant.      )

## ORDER

Pending before the Court are (1) BNSF Railway Company's Motion for Summary Judgment (Doc. No. 37); (2) Plaintiff's Motion for Partial Summary Judgment (Doc. No. 39); and (3) Plaintiff's Motion for Leave to File Surreply in Support of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 45).

As an initial matter, the Court considers the motion for leave to file surreply. Plaintiff seeks leave to brief the Court on two recent relevant orders, which were filed a few days after plaintiff completed briefing on his motion for summary judgment. Defendant argues that new cases, alone, are not a proper reason to allow the filing of a surreply. Upon consideration of the parties' arguments, the Court will **DENY** plaintiff's motion for leave to file surreply (Doc. No. 45). However, the parties should note that the Court has considered the cases cited by plaintiff in his motion (Kuduk v. BNSF Ry. Co., Case No. 13-3326, 2014 WL 4977351 (8th Cir. Oct. 7, 2014), and Smith-Bunge v. Wisconsin Central, Ltd., Case No. 13-cv-02736-ADM-LIB (D.Minn. Oct. 8, 2014)).

The Court now turns to the merits of the parties' summary judgment motions.

I.      **Facts**

The facts, briefly, are as follows. On Wednesday, March 7, 2012, plaintiff was working outdoors for BNSF in Oklahoma. It was a windy day, with dust blowing around,

and eventually plaintiff noticed that something was in his eye. That evening, he reported to his foreman that he had something in his eye, and the foreman told him to try to flush it out with saline solution. Plaintiff did not report the injury to management on that date. Plaintiff worked a short day on March 8, 2012, and then returned home on March 9, 2012 to attend a dental appointment. Over the weekend, his eye began to bother him more, and he went to a doctor on Sunday, March 11, 2012. At that appointment, the eye doctor removed a small piece of metal from his eye, with instructions to return the next day for follow-up.

On March 11, 2012, plaintiff reported to a management employee that he had a metal object removed from his eye, and that he believed the injury was work-related (and that he would need to take off March 12, 2012 for the follow-up appointment). When plaintiff returned for the follow-up appointment on March 12, 2012, one of BNSF's management employees was already at the doctor's office waiting for him. Plaintiff testified he found this to be intimidating. After the appointment, plaintiff and the management employee had a conversation, the contents of which are disputed.

When plaintiff returned to work on March 13, 2012, he filled out an incident report related to the eye injury. Two days later, on March 15, 2012, BNSF sent plaintiff a notice of formal disciplinary investigation regarding his alleged "failure to immediately report [a] personal injury to [the] proper manager while on duty or company property." BNSF's position is that employees must make an immediate report of injury to a management employee whenever the employee believes he is injured; plaintiff's position appears to be that he did not believe he was really injured until he needed to seek medical assistance (instead believing that he just had something in his eye that would come out on its own).

2

BNSF held a hearing on May 22, 2012 on the disciplinary investigation. On June 15, 2012, it assessed plaintiff with a "Level S 30 Day Record Suspension" and a "One (1) Year Review Period," which meant that further rules violations in the 1-year period could result in additional discipline. Later, after investigation by DOL/OSHA and after further communications with plaintiff's union (and subsequent to the filing of this lawsuit), defendant removed the 30 Day Record Suspension from plaintiff's workplace record.

Plaintiff filed a two-count complaint in this Court for (1) Violations of plaintiff's rights under Section 20109 of the Federal Rail Safety Act ("FRSA"); and (2) Violation of the Federal Employers' Liability Act ("FELA").

## II.     Standard

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–90 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586–90.

A nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

> The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a

3

> genuine issue for trial. Where the record taken as a whole
> could not lead a rational trier of fact to find for the nonmoving
> party, there is no genuine issue for trial.

Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citations and quotations omitted)

## III. Discussion

Defendant moves for summary judgment as to all claims, and plaintiff moves for summary judgment as to the FRSA claims. The Court considers the parties' positions, below.

### A. FRSA claims

#### 1. Protections for Notification of Railroad Injuries

The FRSA serves "to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101. Section 20109 of the FRSA incorporates by reference the procedures and burdens of proof of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21"), 49 U.S.C. § 42121(b). 49 U.S.C. § 20109(d)(2). Among other things, FRSA provides that railroad employers "…may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part" to the employee "notify[ing], or attempt[ing] to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work related illness of an employee." 49 U.S.C. § 20109(a)(4). The implementing regulations of the FRSA provide that discrimination under the statute includes, but is not limited to: "intimidating, threatening, restraining, coercing, blacklisting, or disciplining an employee ...." 29 C.F.R. § 1982.102(b)(1).

Under the AIR21 standard, the FRSA plaintiff makes out a *prima facie* case by establishing, by a preponderance of the evidence that:

4

1.    the employee engaged in protected activity (or, in circumstances covered by the statute, was perceived to have engaged or to be about to engage in protected activity);

2.    that the railroad employer knew or suspected, actually or constructively, that the employee engaged in protected activity (or, in circumstances covered by the statute, perceived the employee to have engaged or to be about to engage in protected activity);

3.    the employee suffered an adverse action; and

4.    the protected activity was a contributing factor in the adverse action.

49 U.S.C. § 20109(d)(2)(A)(i); 49 U.S.C. § 42121(b); 29 C.F.R. § 1982.104(e); Almendarez v. BNSF Ry. Co., C13-0086-MAT, 2014 WL 931530 at *4 (W.D. Wash. Mar. 10, 2014). Once a *prima facie* case is established, the defendant railroad is liable unless it can prove by clear and convincing evidence that it would have taken the same adverse action in the complete absence of the protected act(s). Id.

Plaintiff argues that he has made out a *prima facie* case by demonstrating (1) he engaged in protected activity by reporting his eye injury; (2) BNSF knew that plaintiff engaged in protected activity; (3) plaintiff suffered adverse action by defendant charging him, subjecting him to a formal investigation and then suspending him; and (4) plaintiff's act of reporting his injury contributed to the adverse actions taken against him by BNSF, because only if plaintiff had reported his injury could defendant take action against him for late reporting of the injury.  Plaintiff also argues that defendant cannot meet its burden to show that it would have taken the same adverse action in complete absence of the protected act.

Defendant argues that plaintiff cannot meet elements three and four, because (1) investigation and probation are not adverse employment actions; and (2) plaintiff was

5

disciplined not because he reported the injury, but because he failed to timely report the injury to the proper manager.

The Court finds that plaintiff has met the first three elements of his *prima facie* case. In particular, the Court does not find defendant's arguments that plaintiff did not suffer an adverse action convincing, because the FRSA provides broader protection than Title VII, and provides that employers "may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part" to the employee "notify[ing], or attempt[ing] to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work related illness of an employee." 49 U.S.C. § 20109(a)(4)) (emphasis added). Plaintiff's 30 day record suspension and his loss in pay for time spent in the investigation hearing constitute adverse actions under the statute.  However, questions of material fact remain as to the fourth element of plaintiff's *prima facie* case.  See, e.g., Ray v. Union Pac. RR. Co., 971 F. Supp. 2d 869, 888 (S.D. Iowa 2013) (finding, in a case similar to Blackorby's, that questions of material fact remained as to whether the protected activity was a contributing factor to the adverse employment action, "both because of temporal proximity between the report [of injury] and the subsequent investigation, and because Plaintiff's report [of injury] is inextricably intertwined with the adverse employment action.").  In particular, the credibility of defendant's management employees is at issue, and a jury can choose whether to believe that defendant was disciplined solely because of the late reporting of the injury.  Additionally, for the same reasons, questions remain as to whether defendant would have taken the same adverse action in complete absence of the protected act.  Therefore, the parties' cross-motions for summary judgment will be **DENIED** as to this claim.

6

2.      Interference with Medical Treatment

Defendant also moves for summary judgment as to plaintiff's FRSA claim that defendant interfered with his medical treatment. FRSA provides in relevant part that "[a] railroad . . . may not deny, delay, or interfere with the medical or first aid treatment of an employee who is injured during the course of employment." 49 U.S.C. § 20109(c)(1). Here, defendant notes that plaintiff testified that BNSF did not interfere with his medical treatment, and plaintiff's doctor testified that she had no contact with anyone who works for BNSF regarding plaintiff's medical treatment.

In response, plaintiff argues only that the management employee showing up at his follow-up doctor's appointment is a form of intimidation. However, this fact goes more toward plaintiff's FRSA claim regarding intimidation for reporting his injury, not toward interference with medical treatment. Therefore, the Court finds that defendant's motion for summary judgment should be **GRANTED** as to any FRSA claim for interference with medical treatment.

3.      Damages

Defendant states that plaintiff cannot recover damages under FRSA because he sustained no damages. Defendant argues that plaintiff did not lose seniority, and has provided no evidence for loss of back pay, nor has plaintiff provided damages calculations for compensatory and special damages. Although plaintiff provides little response to this point, the Court notes that, even if plaintiff has no evidence for loss of back pay (and, it appears that plaintiff may have missed only a day or two of work due to any actions by defendant), a prevailing plaintiff in a FRSA action may be awarded compensatory damages which include "litigation costs, expert witness fees, and reasonable attorney fees." 49 U.S.C. § 20109(e)(2)(C). The statute says nothing about

7

plaintiffs not being entitled to receive attorney's fees if there is no showing of actual damages.  Therefore, as questions remain as to whether plaintiff is entitled to damages, defendant's motion for summary judgment will be **DENIED** as to this issue.

      B.     FELA Claims

Defendant has moved for summary judgment on plaintiff's FELA claims because it asserts plaintiff cannot establish that defendant was negligent (noting that FELA is not an insurance statute such as those establishing state workers' compensation schemes).

When analyzing a FELA claim, courts must look to federal common law, not state law, in making a determination. See Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 543 (1994); see also Eye v. Fluor Corp., 952 F.Supp. 635, 640 (E.D.Mo. 1997). Under FELA, an employer has a duty to provide its employees with a reasonably safe workplace, including safe equipment. Peyton v. St. Louis Southwestern Ry. Co., 962 F.2d 832, 833 (8th Cir. 1992). An employer breaches this duty where it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees. 962 F.2d at 833. An employer is not liable if it had no reasonable way of knowing about the hazard that caused the employee's injury. Id.  However, the duty of railroads to provide a reasonably safe place for their employees to work "is broader under the statute than a general duty of due care." Ackley v. Chicago & N. W. Transp. Co., 820 F.2d 263, 267 (8th Cir. 1987). The injured railroad employee may recover damages from his employer caused "in whole or in part" by the negligence of his employer. 45 U.S.C. § 51. This "featherweight burden" under the FELA means that the injured employee is entitled to recover when he shows that the railroad's negligence played even the "slightest" part in the injuries for which he seeks damages. Rivera v. Union Pac. R. Co., 378 F.3d 502, 506 (5th Cir. 2004); Gottschall, 512 U.S. 532, 543 (1994).

Defendant argues that plaintiff cannot prove a FELA claim because plaintiff's testimony purportedly establishes that he has no issue with the safety glasses issued to him, and that BNSF had no duty to protect plaintiff from the wind. Additionally, defendant argues that plaintiff does not know where the object that entered his eye came from, and does not know what it actually was, and therefore defendant argues that plaintiff lacks evidence to support a finding that defendant was negligent under FELA.

In response, plaintiff argues that the record reflects that it was windy and dusty on the date and at the place where plaintiff first felt irritation and pain in his eye, and there has been no previous argument from BNSF that this injury was anything other than work-related. Plaintiff states BNSF has not provided facts or law to support the drastic move of taking the FELA claim from a jury.

In reply, defendant argues that it did not breach its duty to provide a reasonably safe workplace (arguing that plaintiff's response goes to causation, not duty). Defendant states that it has no duty to control wind, and wind cannot be eliminated by BNSF. Defendant also argues that plaintiff "praised" the safety glasses provided by defendant.[1] Defendant also argues, for the first time in its reply suggestions, that plaintiff would need an expert to establish causation.

After reviewing the parties' arguments, the Court finds that summary judgment on the FELA claim should be denied, as questions of material fact remain as to causation and the duty to provide a reasonably safe work environment. Defendant's motion for summary judgment as to the FELA claim will be **DENIED.**

_____

[1] To support this assertion, defendant notes plaintiff's testimony that the glasses are "the best we can get." However, this testimony could be taken a couple of different ways, and viewing in the light most favorable to plaintiff, could mean that plaintiff is saying that BNSF will not supply its workers with anything better.

**IV.     Conclusion**

Accordingly, for all the reasons stated herein, (1) BNSF Railway Company's Motion for Summary Judgment (Doc. No. 37) is **GRANTED IN PART** as it relates to plaintiff's FRSA claim for interference with medical treatment, and **DENIED IN PART** as to all other claims; (2) Plaintiff's Motion for Partial Summary Judgment (Doc. No. 39) is **DENIED**; and (3) Plaintiff's Motion for Leave to File Surreply in Support of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 45) is **DENIED**.

**IT IS SO ORDERED.**


Date:  <u>January 5, 2015</u>                                    **/S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                   Fernando J. Gaitan, Jr.
                                                        United States District Judge