# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EDWARD E. BLACKORBY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-cv-00908-SRB ) |
| BNSF RAILWAY COMPANY, | ) ) |
| Defendant. | ) |

## ORDER

Before this Court is Defendant BNSF Railway Company's Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) or, in the Alternative, Motion for New Trial Pursuant to Rule 59 (Doc. # 121). After reviewing the Motion, the record, and the applicable law, the Motion is denied.

**I.     Background**

On September 16, 2013, Plaintiff Edward Blackorby ("Blackorby") brought his claim against BNSF Railway Company ("BNSF") based on allegations BNSF violated the Federal Rail Safety Act ("FRSA") by retaliating against Blackorby after he reported a workplace injury. While this case was originally assigned to Judge Gaitan, who decided the summary judgment motions, it was transferred to this judge prior to trial. On June 16, 2015, after a three day trial, the jury returned a verdict in Plaintiff's favor and awarded damages in the amount of $58,280. After hearing testimony regarding punitive damages in the second phase of the trial, the jury returned a verdict in favor of Plaintiff, but awarded zero damages. On June 17, 2015, BNSF filed two motions for judgment as a matter of law at the close of all the evidence. BNSF's motions were denied. BNSF subsequently filed the instant renewed motion and seeks relief under Federal Rule of Civil Procedure 50(b) or, in the alternative, Rule 59.

## II. Legal Standard

Rule 50(b) allows a party that has previously moved for judgment as a matter of law to renew that motion no later than 28 days after the entry of judgment. "In the matter of a renewed [motion for judgment as a matter of law], a court must affirm the jury's verdict unless, in viewing the evidence in the light most favorable to the prevailing party, the court concludes that a reasonable jury could not have found for that party." Hite v. Vermeer Mfg. Co., 446 F.3d 858, 865 (8th Cir. 2006) (citation omitted). When determining a Rule 50 motion for judgment as a matter of law, "the [C]ourt should review all of the evidence in the record," and "draw all reasonable inferences in favor of the nonmoving party," without making credibility determinations or weighing the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citations omitted). "Judgment as a matter of law is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable jury could have found for the nonmoving party." Foster v. Time Warner Entm't Co., 250 F.3d 1189, 1194 (8th Cir. 2001) (internal quotation and citation omitted).

Rule 50 also allows a party to move, in the alternative or jointly, for a new trial under Rule 59. Rule 59 "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Id. When determining a Rule 59 motion for a new trial, the Court has broad discretion. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). However, a Rule 59 motion serves the "limited function of

correcting manifest errors of law or fact or to present newly discovered evidence." Id. at 1286 (internal quotation and citations omitted).

**III.    Discussion**

Defendant BNSF argues it is entitled to the requested relief for four reasons: (1) Plaintiff did not suffer any cognizable adverse action; (2) Plaintiff failed to present sufficient evidence to establish the work-place injury was a contributing factor to the adverse employment action and BNSF would have taken the same actions in the absence of Plaintiff's injury report; (3) Plaintiff is not entitled to emotional distress damages awarded by the jury; and (4) BNSF was prejudiced by the punitive damages instruction which was not warranted.

**a.  Cognizable Adverse Action**

First, BNSF argues the actions taken against Blackorby are not the types of events actionable under the FRSA pursuant to 49 U.S.C. § 20109(a). BNSF asserts the Court should use the Supreme Court's definition of "adverse action" articulated in Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53 (2006), as the applicable standard under the anti-retaliation laws. The standard set forth in White states "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68 (internal citations and quotations omitted). BNSF claims it conducted an investigation of Plaintiff's conduct and issued a "record suspension" which does not satisfy the White standard. BNSF notes courts have applied the White standard to determine what actions are cognizable adverse actions. However, BNSF states the "Eighth Circuit has not specifically addressed the issue but has confirmed that an FRSA claim requires an adverse employment action."

3

Blackorby claims the issue of whether Plaintiff suffered any cognizable adverse action is not properly before the Court under Fed. R. Civ. P. 50 because this issue was decided by Judge Gaitan in the cross-motions for summary judgment. Blackorby claims that under Rule 50, a judgment as a matter of law may be granted when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); see also Peters v. Risdal, 786 F.3d 1095, 1098 (8th Cir. 2015) (finding that when summary judgment was properly granted leaving no proper reason to instruct the jury on the claim, then the motion for new trial was properly denied). Blackorby concludes that because the issue was properly decided pursuant to Fed. R. Civ. P. 56 and was not tried to a jury, the Court may not grant the Motion for Judgment as a Matter of Law on this issue.

Alternatively, Blackorby suggests BNSF's argument fails because the standard suggested by BNSF proposes a standard for adverse action rooted in Title VII jurisprudence and statutes other than the FRSA. Plaintiff cites to Araujo v. New Jersey Transit Rail Operations, Inc., 708 F.3d 152, 158 (3d. Cir. 2013), which suggests the FRSA is "much more protective of employees" than cases decided under the Title VII framework.

The Court relies on the decision of Judge Gaitan in the January 5, 2015, Order on the cross-motions for summary judgment which states:

> In particular, the Court does not find defendant's arguments that plaintiff did not suffer an adverse action convincing, because the FRSA provides broader protection than Title VII, and provides that employers "may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part" to the employee "notify[ing], or attempt[ing] to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work related illness of an employee." 49 U.S.C. § 20109(a)(4) (emphasis added). Plaintiff's 30 day record suspension and his loss in pay for time spent in the investigation hearing constitute adverse actions under the statute.

4

Blackorby v. BNSF Ry. Co., No. 13-CV-00908-FJG, 2015 WL 58601, at *3 (W.D. Mo. Jan. 5, 2015). Both parties were allowed an opportunity to fully brief the Court on their positions regarding the third element of Blackroby's FRSA claim, adverse action. Ultimately, the issue was resolved by Judge Gaitan in the January 5, 2015, Order, granting summary judgment pursuant to Fed. R. Civ. P. 56. The Court declared Blackorby's 30 day record suspension and his loss in pay for time spent in the investigation hearing constituted "adverse action" under the statute. Thus, for the reasons explained by the Court in the January 5, 2015, Order, this Court concludes BNSF's actions constitute adverse actions under the statute. BNSF is not entitled to judgment as a matter of law or a new trial on the issue of adverse action.

    **b. Evidence of Contributing Factor**

Second, BNSF seeks a judgment as a matter of law or a new trial based on its argument Blackorby failed to present sufficient evidence to establish the work-related injury was a contributing factor to the adverse action. BNSF argues the uncontroverted evidence proves BNSF disciplined Blackorby solely for the late reporting of his injury to the proper manager, and not because he reported his injury. BNSF asserts it would have taken the same actions in the absence of Plaintiff's reporting of the workplace injury. Additionally, BNSF states "the issue for jury was whether BNSF solely disciplined Plaintiff for violating a rule or whether BNSF engaged in intentional retaliation . . ." (Doc. #124, p. 6). BNSF claims the Court's failure to instruct the jury BNSF intentionally retaliated or discriminated against Plaintiff was an error because intentional retaliation was a factor for the jury to consider pursuant to Kuduk v. BNSF Ry. Co., 768 F.3d 786, 791 (8th Cir. 2014). Based on the evidence presented to the jury, BNSF states no reasonable inference can be drawn that Plaintiff established the causation element in this action because he failed to prove his protected activity of reporting an injury contributed to

the actions of BNSF. Alternatively, assuming Blackorby did prove the causation element of his FRSA claim, BNSF claims it "proved by clear and convincing evidence that BNSF would have taken the complained-of actions in the absence of Plaintiff reporting his workplace injury to the proper manager."

In response, Blackorby asserts BNSF's argument that he failed to present sufficient evidence proving the injury report was a contributing factor to the actions taken by BNSF is in contradiction to BNSF's own proposed jury instruction. BNSF's own proposed jury instruction stated, in part: "A contributing factor is a factor that, whether taken alone or in conjunction with other factors, tends to affect the outcome of the decision in any way." (Doc. #71). Blackorby notes BNSF failed to reconcile its proposed instruction with its new arguments presented in its motion. Blackorby also states that whether he asserted sufficient evidence to prove the causation element is irrelevant because it would require the Court to reweigh the evidence and make credibility determinations. Furthermore, Blackorby argues BNSF's belief that the Court's failure to instruct the jury that BNSF "intentionally retaliated or discriminated" against Plaintiff was an error based on BNSF's misrepresentation and misapplication of the holding in Kuduk. Blackorby notes BNSF's argument claiming plaintiff must prove intentional retaliation was pulled from Kuduk, but was made "in a wildly different legal and factual scenario than the one here." In Kuduk, the Eighth Circuit referenced the Sixth Circuit's decision in Consol. Rail Corp. v. U.S. Dep't of Labor, which considered the appeal of a final decision of the U.S. Department of Labor and applied a higher standard of review of the findings of fact of the Administrative Law Judge. 567 Fed.Appx. 334, 338-39 (6th Cir. 2014). The Sixth Circuit held that the factual findings of the ALJ "constitute[d] substantial evidence that animus was a contributing factor in [plaintiff's] termination." Id. at 338.

6

The Court fully analyzed the facts and law pertaining to the issue of "contributing factor." In the January 5, 2015, Order, the Court explained:

> However, questions of material fact remain as to the fourth element of plaintiff's prima facie case. See, e.g., Ray v. Union Pac. RR. Co., 971 F. Supp. 2d 869, 888 (S.D. Iowa 2013) (finding, in a case similar to Blackorby's, that questions of material fact remained as to whether the protected activity was a contributing factor to the adverse employment action, "both because of temporal proximity between the report [of injury] and the subsequent investigation, and because Plaintiff's report [of injury] is inextricably intertwined with the adverse employment action."). In particular, the credibility of defendant's management employees is at issue, and a jury can choose whether to believe that defendant was disciplined solely because of the late reporting of the injury. Additionally, for the same reasons, questions remain as to whether defendant would have taken the same adverse action in complete absence of the protected act.

Blackorby, 2015 WL 58601, at *3. Unless the Court finds "a reasonable jury could not have found for that party," the Court "must affirm the jury's verdict." Hite, 446 F.3d at 865. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves, 530 U.S. at 150. During the first phase of trial, the parties presented witness testimony, including testimony from BNSF employees that testified BNSF treated other employees in a similar manner and that Blackorby was disciplined solely for late reporting. From this testimony, the jury was instructed to weigh the evidence, determine the credibility of the witnesses and draw their own inferences from the testimony. The Court does not find the evidence and testimony presented at trial demonstrates a "complete absence of probative facts" to support the jury's conclusion and warrant a judgment as a matter of law or new trial.

Furthermore, the Court concludes it is not necessary to instruct the jury to decide whether BNSF "intentionally retaliated" against Blackorby. The Eighth Circuit has held:

> "We agree with the Ninth Circuit that, under the statute's 'contributing factor' causation standard, '[a] prima facie case does not require that the employee conclusively demonstrate the employer's retaliatory motive.'"

7

Kuduk, 768 F.3d at 791 (citing Coppinger-Martin v. Solis, 627 F.3d 745, 750 (9th Cir. 2010)). Thus, the Eighth Circuit has confirmed there is no requirement under the FRSA to "demonstrate the employer's retaliatory motive" and no error was committed by this Court.

After a review of all of the evidence in the record and the standard set forth by the Eighth Circuit, the Court finds BNSF's argument is insufficient to establish there is a "complete absence of probative facts to support the conclusion reached" by the jury. Foster, 250 F.3d at 1194. Thus, the Court must deny BNSF's motion for judgment as a matter of law and for a new trial.

    **c. Emotional Distress Damages**

Third, BNSF states Blackorby is not entitled to emotional distress damages because he did not present sufficient evidence that he sustained recoverable damages or that the damages were caused by BNSF's alleged FRSA violation. BNSF cites to 49 U.S.C. § 20109(e)(2)(C) which states: "relief… shall include -- compensatory damages, including compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees." BNSF believes the evidence does not support a genuine injury suffered by Blackorby, and, alternatively, if Blackorby established his emotional distress claim, the jury award of $58,280 was excessive. BNSF relies on the holding of Forshee v. Waterloo Indus. Inc., 178 F.3d 527, 529 (8th Cir. 1999). In Forshee, the Eighth Circuit reversed the jury's award of emotional distress damages because the plaintiff suffered no physical injury, was not medically treated for any psychological or emotional injury, and no other witness corroborated any outward manifestation of emotional distress. Id. at 531.

Blackorby asserts he is entitled to the damage award because, pursuant to Forshee, it must be generally supported by "competent evidence of genuine injury" and plaintiff need not

8

present medical or expert testimony to sustain an award. Id. at 531. Blackorby argues Forshee is neither fatal, nor dispositive of, Blackorby's damages award. Blackorby notes that in Forshee plaintiff sustained emotional distress for one single afternoon, unlike the instant case, where Blackorby experienced fear for his job for an entire year. Blackorby claims he presented competent evidence and testimony concerning his stress, discomfort, and associated problems he experienced as a result of the retaliatory events.

The Eighth Circuit has held "[a] compensatory damage award for emotional distress may be based on a plaintiff's own testimony." Bennett v. Riceland Foods, Inc., 721 F.3d 546, 552 (8th Cir. 2013) (citing Forshee, 178 F.3d at 531). "Such an award must be 'supported by competent evidence of genuine injury,' Forshee at 531 (internal quotation omitted), but medical or other expert evidence is not required." Bennett at 552 (citing Kim v. Nash Finch Co., 123 F.3d 1046, 1065 (8th Cir. 1997)). "A plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard." Kim v. Nash Finch Co., 123 F.3d 1046, 1065 (8th Cir. 1997) (quoting Turic v. Holland Hospitality, Inc., 85 F.3d 1211, 1215-16 (6th Cir. 1996)).

In Forshee, a Title VII action, the plaintiff "admitted [the sexual harassment] was not the source of her post-termination distress." Forshee, 178 F.3d at 531. But, the testimony in this action demonstrates the alleged retaliatory events, subsequent investigation and lawsuit are the source of Blackorby's emotional distress claim. Blackorby testified at trial that receiving the disciplinary letter "was pretty upsetting because you know you can't mess up." (Doc. #126-1, Tr. 30:2-3). Blackorby went on to state "I mean, when that's on your record, something major could actually end your career, and you ain't going to go out and get another railroad job. It ain't going to happen." (Id., Tr. 30:3-6). Blackorby explained he had "marital problems just like everybody,

9

but the stress of all these appeals and everything that's going on, it's put an extra toll on my marriage." (Id., Tr. 31:14-16). The parties stipulated "Ed Blackorby did not receive treatment from his family doctor for the subject matter of this case." (Doc. #124-3). The Court further notes Blackorby testified he never saw a psychologist or a counselor for the stress. (Doc. #124-1, Tr. 92:19 – 93:2).

The Court concludes Blackorby presented competent evidence of a genuine injury through his testimony presented to the jury regarding the stress he suffered and the strain this issue had on his relationship with his wife and mother. Even though Blackorby did not seek medical or psychological help for emotional distress, "medical or other expert evidence is not required." Kim, 123 F.3d at 1065. Blackorby's testimony, along with the circumstances of this case, sustain Blackorby's burden in this case. The Court finds sufficient evidence was presented to sustain an award for emotional distress damages. The jury was presented with competent evidence and found in favor of Blackorby on this issue. The Court does not find an absence of probative facts that would warrant a judgment as a matter of law or a manifest error of law or fact that would necessitate a new trial. Therefore, BNSF is not entitled to judgment as a matter of law or a new trial based on the emotional damages award.

### d. Punitive Damages

Fourth, BNSF asserts it is entitled to judgment as a matter of law on Blackorby's claim for punitive damages because a punitive damages instruction was not warranted. BNSF argues that because the jury awarded zero in punitive damages the issue of punitive damages should no longer be in the case. Though, if Blackorby should "choose[] to file post-trial motions seeking to revive in any way his attempt to recover punitive damages, … BNSF conditionally renews its argument for judgment as a matter of law" on this issue. BNSF claims Blackorby is not entitled

to punitive damages because "[e]ven if the plaintiff can show that individuals in the company demonstrated the requisite intent, punitive damages are only appropriate if such intent can be imputed to the employer." Dominic v. DeVilbiss Air Power Co., 493 F.3d 968, 974 (8th Cir. 2007). BNSF alleges it has shown company policies and resources in place to address allegation of discrimination and retaliation and has established a good-faith defense.

Blackorby plainly responds because no such post-trial motion has been filed, "there is no justiciable case or controversy for the court to decide and any ruling on the issue would, in essence, be an advisory opinion." But, if a case or controversy existed on this issue, Blackorby asserts that submission to a jury was appropriate because it is up to a jury to determine whether it believed BNSF made a good-faith effort to comply with the FSRA.

The United States Supreme Court has explained a justiciable controversy "must be definite and concrete, touching the legal relations of parties having adverse legal interests." Gustin v. F.D.I.C., 843 F. Supp. 536, 537 (W.D. Mo. 1993) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)). Furthermore, a justiciable controversy "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. If the courts rule on motions that present no justiciable controversy, "it would be, in effect, issuing an advisory opinion in direct violation of the United States Constitution, Article III, Section 2." Id. (citing Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250 (1911)).

The Court finds that based on the language of BNSF's motion, BNSF was simply reserving its right to submit its argument should Blackorby file a post-trial motion on this issue in the future. Since no post-trial motion has been filed at this time regarding punitive damages, there is no justiciable issue before the Court. The jury had the responsibility of weighing the

11

evidence presented by the party and determining whether BNSF made a good faith effort to comply with the FRSA. Thus, it was properly submitted to the jury and BNSF's motion for judgment as a matter of law and motion for a new trial on the issue of punitive damages is denied.

## IV. Conclusion

Defendant BNSF Railway Company has failed to demonstrate that a reasonable jury could not have found for Plaintiff Blackorby or that the trial resulted in a miscarriage of justice to necessitate a new trial. Accordingly, it is hereby

**ORDERED** that Defendant BNSF Railway Company's Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) or in the Alternative, Motion for New Trial Pursuant to Rule 59 (Doc. #121) is denied.

Date: <u>August 28, 2015</u>          <u>/s/ Stephen R. Bough</u>
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT