# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EDWARD E. BLACKORBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-cv-00908-SRB |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before this Court is plaintiff's Motion for Attorney Fees (Doc. #127) and plaintiff's Motion for Bill of Costs (Doc. #129). For the reasons discussed below, both motions are granted.

**I.  Background**

Plaintiff filed suit on September 16, 2013, alleging violations of both the Federal Rail Safety Act ("FRSA") and the Federal Employers' Liability Act ("FELA"). On June 5, 2015, ten days before trial, as typically happens when counsel is making final litigation strategy decisions, narrowing claims and making final decisions on which witnesses to be called, plaintiff dismissed with prejudice his FELA claim. Defendant takes issue with the last minute dismissal and the manner in which it was filed. On June 10, 2015, five days before trial, as typically happens when defense counsel is making a decision on whether or not to settle, defendant filed a Notice of Filing of Offer of Judgment. Plaintiff also takes issue with the last minute Offer of Judgment and the manner in which it was filed. At trial plaintiff prevailed on his FRSA claim, and while the jury determined defendant's conduct met the punitive damage standard, they awarded no punitive damages.

**II.     Motion for Attorney Fees**

Plaintiff seeks fees and litigation costs pursuant to 49 U.S.C. § 20109(e). "BNSF does not dispute the availability of an award of reasonable attorneys' fees and costs to a plaintiff with limited success. Instead, Plaintiff's claim for *all* of the attorneys' fees for *all* of his claims is overstated . . ." (Doc. #133, p. 2) (emphasis in original).

The Federal Judicial Center's publication, *Awarding Attorneys' Fees and Managing Fee Litigation*, (3rd ed. 2015) is a helpful resource to address the issues before the Court. In that defendant does not contest the availability of an award - only the amount - this Court need not determine if a fee is in order. However, that same publication notes "the Supreme Court has said that to be eligible for a fee award, a plaintiff must prevail on 'any significant claim affording it some of the relief sought.'" Id. at 6 (citing Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989)). Clearly, plaintiff is a prevailing party.

"Incomplete success is the most common basis for a downward adjustment in attorney fees. In Hensley v. Eckerhart, the Supreme Court said that when the plaintiff advances discrete, essentially unrelated claims and prevails on some but not others, it should not be compensated for work on unsuccessful claims." *Awarding Attorneys' Fees and Managing Fee Litigation*, p. 38 (3rd ed. 2015) (citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (defining "unrelated" as not involving "a common core of facts or . . . based on [un]related legal theories.")). The Eighth Circuit determined that a plaintiff's claim for retaliatory discharge due to the exercise of his First Amendment rights was distinct from a lack of a predetermination hearing due process violation claim, thereby warranting a discount in hours. Winter v. Cerro Gordo Cnty. Conservation Bd., 925 F. 2d 1069 (8th Cir. 1991).

Even if the claims are closely related, a downward adjustment can still be appropriate in cases upon limited success. "The gauge of success is the result of the lawsuit in terms of relief; there should not be a downward adjustment simply because not every argument or theory prevailed. Many defendants have asked courts to reduce awards because of the plaintiff's unimpressive results, even when the plaintiff prevailed on all claims or when the unsuccessful claims were closely related to the successful claims. Courts have usually rejected these requests, but there have been exceptions." *Awarding Attorneys' Fees and Managing Fee Litigation*, p. 40 (3rd ed. 2015) (internal citations omitted). The Eighth Circuit affirmed a downward adjustment where plaintiffs lost on most claims and most individual plaintiffs received no relief. Gilbert v. Little Rock, Ark., 867 F.2d 1063, 1066-67 (8th Cir. 1989). Several Circuits have adopted a rule that attorneys' fees "should not be reduced simply because a plaintiff recovered a low damage award." Cowan v. Prudential Ins., 935 F.2d 522, 526 (2d Cir. 1991); see also Davis v. Southeastern Pa. Transp. Auth., 924 F.2d 51, 55 (3d Cir. 1991); Northeast Women's Ctr. v. McMonagle, 889 F. 2d 466, 467-77 (3d Cir. 1989). The Eighth Circuit, in addressing the reduction of attorney's fees in a prisoner civil rights suit, analyzed the two relevant Supreme Court decisions.

> In his cross-appeal, Loggins contends that the district court abused its discretion in reducing his fee award to $25,000.00. He alleges the reduction was solely on account of the small damage award and that such a reduction violates Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and City of Riverside v. Rivera, 477 U.S. at 561, 106 S.Ct. at 2686. In Hensley, the Court held that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." 461 U.S. at 440, 103 S.Ct. at 1943. In the context of multiple claims, the Court held that "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." Id. In Rivera, a plurality of the Court "reject[ed] the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." 477 U.S. at 574, 106 S.Ct. at 2694. Among other things, the plurality opinion noted that a rule of "proportionality would make it difficult, if

3

not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts[,]" Id. at 578, 106 S.Ct. at 2696, and that civil rights awards "do not reflect fully the public benefit advanced by civil rights litigation." Id. at 575, 106 S.Ct. at 2695.

We do not believe that the reduction in this case violated Hensley. We note that the district court reduced the award not only because Loggins failed to obtain the amount of actual damages requested, but also because he failed to obtain punitive damages. Contrary to Loggins' suggestion, we believe that "limited success" may encompass the situation where, as here, a plaintiff requests both compensatory and punitive damages, but recovers only compensatory damages. In Hensley, the Court indicated that extent of the relief obtained was a permissible factor in determining a reasonable fee. Indeed, in addressing the reasonableness of an attorney's fee in the case of a fired employee who obtained lost wages and expungement but not reinstatement and damages, the Court stated that it "[c]ertainly was well within the [ ] District Court's discretion to make a limited fee award in light of 'minor relief' obtained." 461 U.S. at 438 n. 14, 103 S.Ct. at 1942 n. 14. Moreover, we note that in determining that $25,000.00 was a reasonable fee, the district court also considered the adequacy of the compensation to counsel and the public benefit of the litigation.

We also do not believe that the reduction violated Rivera. As the district court noted, in Rivera the Court only ruled that proportionality was not required; it did not hold that a district court lacked discretion to consider the amount of damages in determining the reasonableness of a fee. To the contrary, the Court stated that "[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988." 477 U.S. at 574, 106 S.Ct. at 2694. See also Hensley, 461 U.S. at 430, 103 S.Ct. at 1938 (court should consider " 'the amount involved and the results obtained' " in determining reasonable fee) (quoting Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir.1974)).

Loggins v. Delo, 999 F.2d 364, 369-70 (8th Cir. 1993).

Defendant argues that plaintiff obtained limited success and overstates the fees because 1) three attorneys for plaintiff attended mediation and trial; 2) the plaintiff's lawyers communicated with each other; 3) the plaintiff's lawyers had vague communications; 4) the billing records were vague and must be reduced by 10%; and 5) plaintiff only partially prevailed and fees must be reduced by 60%. Here, plaintiff pursued two claims up to the eve of trial - FELA and FRSA. The FELA claim was for an on-the-job injury. The FRSA claim was for

4

reporting an on-the-job injury. This Court finds that the two claims are related and that the common core of facts are substantially similar.

Plaintiff did have three counsel at the mediation and trial. The Western District of Missouri orders mediation. The FRSA is a relatively new claim, and plaintiff's counsel appears to be one of the leading counsel in the nation pursuing such claims. It is reasonable for all plaintiff's counsel to attend court-ordered mediation and trial, especially given that defendant had an equal or greater number of counsel.

Defendant also takes issue with plaintiff's counsel communicating with each other. The realities of important, federal litigation require attorneys to communicate, coordinate, and ensure that all attorneys are fully informed. Defendant claims that plaintiff's counsel billed for vague communications in the amount of 3.4 hours. Plaintiff's counsel does not have to reveal the exact nature of the conversation, and the 3.4 hours does not strike this Court as unreasonable.

Next, defendant argues for a 10% reduction due to vagueness and incomplete billing records. Defendant does not indicate which 10% are vague, and this Court's independent review does not reveal a 10% vague calculation. Defendant also argues that the use of Lathrop & Gage's own average rates should not be used to meet plaintiff's burden of sufficient evidence of reasonable rates. This Court finds that the materials submitted by plaintiff have established the reasonableness of the rates of $300 to $350 per hour for complex, novel federal litigation. The FRSA claims involve new statutory law, no Eighth Circuit precedent and no model jury instructions.

Finally, defendant argues that due to the limited success that the fee must be reduced by 60%. In comparing the case law in <u>Hensley</u>, <u>City of Riverside</u> and <u>Loggins</u>, plaintiff was much more than a partially prevailing party. The dismissal of the FELA claim was clearly a strategic

5

decision that was apparently successful given the jury verdict. Plaintiff obtained a result that was substantially larger than the offer of judgment, and the jury returned a verdict that found BNSF's actions warranted punitive damages.

As the Eighth Circuit noted in Loggins, "in Hensley the Court indicated that a district court retained discretion to award a full fee even if a plaintiff did not obtain all requested relief." Loggins v. Delo, 999 F.2d 364, 369 n. 5 (8th Cir. 1993) (citing Hensley v. Eckerhart, 461 U.S. 424 435-36 n. 11). This Court exercises its retained discretion to award a full fee given that plaintiff at trial obtained a verdict on all claims, that the FELA and FRSA claims are related, and that the jury determined BNSF met the standard for punitive damages. A reasonable fee, including responding to post-trial motions, is as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Mr. Dingwall | 202.6 | $350 | $70,910 |
| Mr. Garella | 189.1 | $300 | $56,730 |
| Ms. Mynarich | 88.1 | $350 | $30,835 |

### III. Motion for Bill of Costs

Plaintiff's Motion for Bill of Costs seeks $501.70 ($400 in filing fee and with the remainder in transcript costs). Defendant did not file an objection to this request. The Court finds the costs are appropriate under Fed. R. Civ. P. 54(d)(1) and grants the Motion. Plaintiff also seeks litigation costs of $14,425.03 pursuant to 49 U.S.C. § 20109(e), which states that the prevailing party "shall be entitled to all relief necessary to make the employee whole . . ., including litigation costs, expert witness fees and reasonable attorney fees." This language is extremely broad. Congress is expressing an intent to make the employee whole, not just certain costs under Rule 54. No circuit courts have addressed this issue. The Eighth Circuit has allowed non-taxable costs to be recovered. Ludlow v. BNSF Ry. Co., 788 F.3d 794, 804 (8th Cir. 2015)

6

(allowing expenses of focus groups and jury consultants). To make the plaintiff whole, the litigation costs of $14,425.03 are also granted.

**IV.      Conclusion**

Accordingly, it is hereby

**ORDERED** that plaintiff's Motion for Attorney Fees (Doc. #127) is granted and fees of $158,475.00 shall be paid by defendant.  It is further

**ORDERED** that plaintiff's Motion for Bill of Costs (Doc. #129) is granted and costs in the amount of $501.70 and $14,425.03 in litigation costs shall be paid by defendant.


Date: <u>September 10, 2015</u>            <u>/s/ Stephen R. Bough</u>
                                            STEPHEN R. BOUGH, JUDGE
                                            UNITED STATES DISTRICT COURT