# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| EDWARD E. BLACKORBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-cv-00908-SRB |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Stay Enforcement of Cost Award (Doc. #260). For the following reasons the motion is granted in part and denied in part. Plaintiff is granted a stay predicated on a supersedeas bond with the following condition: within ten (10) days from the entry of this Order, Plaintiff shall post a supersedeas bond in the amount of $10,095.84 to cover the costs assessed against him.

Following a retrial and subsequent entry of judgment for Defendant, this Court awarded Defendant $10,095.84 in costs. (Docs. ##248, 257). After this Court's rulings on Plaintiff's post-trial motions (Doc. #258), Plaintiff filed an appeal. In the present motion Plaintiff requests an order staying enforcement of those costs awarded to Defendant without requiring any bond or surety. In the alternative Plaintiff requests the amount of any required bond "be set as low as possible." (Doc. #260, p. 6). Defendant's response argues Plaintiff failed to provide sufficient evidence to meet his burden. Plaintiff did not file a reply to Defendant's brief.

### I.  Legal Standard

Although Plaintiff appealed this case to the Eighth Circuit, Federal Rule of Appellate Procedure 8 indicates that this Court retains jurisdiction to rule on a motion to stay imposition of costs. Fed. R. App. P. 8(a)(1) ("A party must ordinarily move first in the district court for . . . a

stay of the judgment or order of a district court pending appeal."); *Payan v. United Parcel Serv.*, Case No. 2:14-cv-00400-JNP-DBP, 2017 WL 4844651, at *1 (D. Ut. Sept. 1, 2017). A stay pending appeal is an "extraordinary remedy." *Mann v. Washington Metro. Area Transit Authority*, 185 F.Supp.3d 189, 194 (D.D.C. 2016) (internal citations omitted). "It is an intrusion into the ordinary processes of administration and judicial review and thus is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)). The Court considers four factors in evaluating a motion for stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.*

**II.    Analysis**

Plaintiff's first request is a waiver of the bond requirement. To support his position, Plaintiff relies on the factors articulated by the Seventh Circuit in *Dillon v. Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988). However, the *Dillon* factors are inapplicable to cases where the judgment did not include a monetary award (such as here) and instead are best suited where there has been a monetary judgment awarded. The analysis of other district courts around the country confirm this distinction. *See e.g.*, *Payan*, 2017 WL 4844651, at *1-2; *Mann*, 185 F.Supp.3d at 194-95; and *Gonzalez v. Wells Fargo Bank, N.A.*, Case No. 1:13-cv-23281-LENARD/GOODMAN, 2015 WL 12978820, at *3-4 (S.D. Fl. March 20, 2015) (collecting cases). Having relied upon the wrong legal standard, Plaintiff failed to analyze the aforementioned factors and therefore failed to meet his burden.

This Court attempts to construe Plaintiff's arguments under *Dillon* into the context of the factors applicable here. Plaintiff argued "this is not a case where Plaintiff's claims were so

2

clearly deficient that BNSF prevailed at every step along the way." (Doc. #260, p. 4). Such a statement is not sufficient to overcome Plaintiff's burden of making a strong showing that he is likely to succeed on the merits on appeal. Plaintiff also argued "there can be little argument that a stay without bond will result in material damage to [Defendant.] By contrast, Plaintiff is a single individual with limited financial resources." (Doc. #260, p. 4). The Court finds this argument goes to the second and third factors—whether Plaintiff will be irreparably injured absent a stay and whether the issuance of the stay will substantially injure Defendant. Plaintiff's assertions that he has "limited financial resources" and the imposition of supersedeas bond is "prohibitively expensive" do not rise to the level of irreparable injury. Likewise, Plaintiff has not demonstrated that the issuance of a stay will substantially injure Defendant. Plaintiff makes no argument regarding the public interest. Accordingly, Plaintiff has failed to meet his burden to persuade the Court that a stay is justified in this case absent a bond.

In the alternative Plaintiff requests a stay pursuant to Federal Rule of Appellate Procedure 62(d), which allows an appellant to obtain a stay by supersedeas bond. "A full supersedeas bond should be required in the normal circumstances. District courts, however, have inherent discretionary authority in setting supersedeas bonds." *Payan*, 2017 WL 4844651, at *3 (citations omitted). Plaintiff "respectfully requests that the amount of any bond be set as low as possible." (Doc. #260, p. 6). Defendant makes no argument as to how much bond should be required, instead focusing its argument on the inappropriateness of a bond waiver in the present matter. Given the scant guidance from both parties, the Court finds a bond in the full amount of the cost award is reasonable here because the case presents only normal circumstances. *Id.* Further, Defendants have not provided any estimate or calculation of interest. Accordingly,

Plaintiff will be granted a stay conditioned on posting a supersedeas bond in the amount of $10,095.84 within ten days from the entry of this Order.

## III.   Conclusion

Therefore Plaintiff's Motion to Stay Enforcement of Cost Award (Doc. #260) is granted in part and denied in part.  Plaintiff is granted a stay predicated on a supersedeas bond with the following condition: within ten (10) days from the entry of this Order, Plaintiff shall post a supersedeas bond in the amount of $10,095.84 to cover the costs assessed against him.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: July 10, 2018